IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP POPPIE | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 C 1328 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| ALLIED WASTE TRANSPORTATION, INC. | ) | |
| d/b/a REPUBLIC SERVICES OF MOMENCE | ) | |
| AND STIHL INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ALLIED WASTE TRANSPORTATION, INC. | ) | |
| d/b/a REPUBLIC SERVICES OF MOMENCE | ) | |
| | ) | |
| | ) | |
| Third- Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CORE CONSTRUCTION AND | ) | |
| DEVELOPMENT, INC. | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**<u>MEMORANDUM OPINION & ORDER</u>**

Plaintiff Phillip Poppie filed a complaint in the Circuit Court for Cook County alleging premises liability and product liability against Allied Waste Transportation Inc. ("Allied") and STIHL Incorporated ("STIHL'), respectively (collectively "defendants"). Defendants removed the case to this court and now move to transfer to the Central District of Illinois under 28 U.S.C. § 1404(a). For the reasons below, the motion to transfer venue (Doc. 38) is denied.

## BACKGROUND

Plaintiff is a resident of Kankakee County, Illinois.  His complaint alleges that when he was performing work at a facility owned by Allied located in Momence, Illinois, he stepped into a hole or rut, causing him to contact the blade of a handheld STIHL concrete saw.[1]  The incident was recorded by cameras on the premises, and several of plaintiff's co-workers were at the site. None of them, however, witnessed the moment of the incident.

First responders transported plaintiff to AMITA Hospital in Kankakee.  Plaintiff was then promptly airlifted to Loyola University Medical Center in Cook County, Illinois.  Plaintiff remained at Loyola for approximately a month.  In that time, plaintiff underwent three surgeries including a through-the-knee amputation.  Plaintiff was discharged from Loyola to the Shirley Ryan Ability Lab in Chicago for physical rehabilitation, prosthetic fitting, and training. According to plaintiff, he has received care from over 30 providers in Cook County over the course of his treatment and recovery.

Allied is a Delaware corporation with its principal place of business in Arizona.  STIHL is a Delaware corporation with its principal place of business in Virginia.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court "[f]or the convenience of parties and witnesses, in the interest of justice… may transfer any civil action to any other district or division where it might have been brought."  The language of the statute "does not indicate the

---

[1] Defendants note that the "blade" is technically called the "wheel," and the product was a "cut-off saw" rather than a "concrete saw."  The court chooses to employ the more colloquial terminology for the sake of public readability.

relative weight to be accorded each factor." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 n.3 (7th Cir. 1986). Accordingly, a § 1404(a) motion requires the court to conduct an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). The movant carries the burden of establishing, "by reference to particular circumstances, that the transferee forum is clearly more convenient."[2] Coffey, 796 F.2d at 219-20.

Before weighing these § 1404(a) factors there are two threshold considerations, neither of which are contested by the parties. First, "[t]ransfer is possible under Section 1404(a) only if the transferor court is a proper venue under the applicable venue provisions." 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3844 (4th ed.). Second, § 1404(a) requires that the transferee court is a proper venue. Venue is proper in this court, the transferor court, because plaintiff originally filed in Cook County, which is located in the Northern District of Illinois. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665-66 (1953) (explaining the removal statute, 28 U.S.C. § 1441(a), governs venue in removal cases). In addition, venue is also proper in this court because plaintiff's extensive medical treatment was in the Northern District of Illinois. Venue is proper in Central District of Illinois, the transferee court, because "a substantial part of the events or omissions giving rise to the claim occurred" there. 28 U.S.C. § 1391(b)(2).

The court finds that the convenience of the parties does not clearly favor transfer to Central District of Illinois. Defendant's own declarant concluded that "it would take someone

---

[2] Alternatively, the burden on the moving party has been described as "to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another." Moore v. Motor Coach Indus., Inc., 487 F. Supp. 2d 1003, 1006 (N.D. Ill. 2007) (emphasis added).

traveling from Plaintiff's home approximately the same amount of time to travel to NDIL and CDIL." The same declaration also stated that the distance between plaintiff's home and this courthouse in the Northern District of Illinois is 59.1 miles, and the distance between plaintiff's home and the Urbana courthouse in the Central District of Illinois is 85.1 miles.

Further, defendants Allied and STIHL are both foreign corporations with principal places of business in Arizona, and Virginia, respectively.[3] Defendants insist that Urbana is more convenient than Chicago for them because: (1) the court should ignore that the foreign defendants will likely have to travel to Chicago first and then onward to Urbana because they will have to travel for a long time regardless of the venue; and (2) hotels are cheaper in Urbana than Chicago. While the court is in no position to question defendants' subjective evaluation of their own convenience, defendants have not shown that Urbana is more convenient than Chicago in any objective sense. Urbana is a lot farther away, both in distance and travel time, than Chicago is to any major airports that defendants are likely to fly into. Additionally, the court is confident that defendants will be able to find (somewhat) reasonably priced accommodation, especially if they opt for more economical options than the Palmer House or the LaSalle, a hotel that describes itself as "Marriott's newest boutique luxury hotel in Chicago's Loop."[4]

The court finds that the convenience of the witnesses also does not clearly favor transfer to the Central District of Illinois. Generally, there are two groups of potential witnesses in this case. First, there is a group of witnesses based in Kankakee that includes the occurrence

---

[3] As for defendants' contentions about the relative convenience of the venues in relation to Allied's Momence location, the court understands that the real party in interest is Allied, not its branch in Momence, Illinois. If this were not the case, then there would not be complete diversity of the parties as required by 28 U.S.C. § 1322. Nevertheless, defendant does not clearly demonstrate the superior convenience of CDIL over NDIL in relation to Momence, Illinois.

[4] Defendants' method of comparing hotel prices between Chicago and Urbana struck the court as rather unscientific.

witnesses (i.e., plaintiff's coworkers) and the initial treating physician.  Regarding these witnesses, the analysis is largely identical to the convenience of plaintiff; Chicago is geographically closer to Kankakee than Urbana with a similar overall travel time.  Second, there is a group of witnesses based in Chicago comprised of physicians and health providers who cared for plaintiff over the course of two years of recovery and therapy.  Of course, Chicago is a more convenient location for these individuals.  The court recognizes that some of these witnesses are more likely to testify than others.  But defendants have failed to show that the Central District of Illinois is clearly more convenient for any of the witnesses, no matter who ultimately testifies.

The court finds that the other convenience factors—plaintiff's choice of forum, the situs of material events, ease of access to sources of proof—do not clearly support transfer.  See Law Bulletin Publishing, Co. v. LRP Publications, Inc., 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) (listing convenience factors).  Plaintiff correctly argues that there is a strong presumption in favor of the plaintiff's choice of forum.  In re Nat'l Presto Indus., Inc., 347 F.3d 662, 664 (7th Cir. 2003).  But, as defendants correctly point out, that presumption is minimized "where none of the conduct complained of occurred in the forum selected by the plaintiff."  Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955).  The court recognizes that almost none of the conduct complained of occurred in the Northern District of Illinois.[5]  On the other hand, it is possible that a "controverted issue of fact" for the issues of damages and the extent of the injury will depend on "event[s] that occurred in the Northern District of Illinois," namely plaintiff's two years of treatment in Chicago.  Id.  Thus, this court will afford plaintiff's choice of forum deference.

---

[5] The lone exception appears to be purchase and rental of the STIHL saw, which allegedly occurred in Chicago.

The situs of material events and ease of access to sources of proof weakly favor transfer to the Central District of Illinois. Defendant is correct that the location of the accident (and the related physical proof) is in the Central District of Illinois, specifically in Kankakee. But, as already discussed above, Kankakee is at least equally as convenient to access from Chicago as it is from Urbana. Because the real-world convenience of access to the situs of the material events and sources of proof is a tie between the two venues, the only reason to favor the Central District of Illinois on these factors is adherence to the formal boundaries of judicial districts. The court does not find this rationale especially compelling.

Finally, the court finds that the interest of justice also does not clearly favor transfer to the Central District of Illinois. This factor encompasses considerations of speed of proceedings, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale. See Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 961–62 (N.D. Ill. 2000) (listing interest of justice factors).

The speed of proceedings slightly favors the Central District of Illinois. The figures cited by defendant show that the speed-to-trial is faster in the Central District. Nevertheless, speed-to-trial is hardly the complete picture of the speed of proceedings, especially because most civil cases are resolved short of trial. Additionally, the averages cannot reflect the variation between chambers. Nonetheless, plaintiff fails to offer a substantive response to defendants' showing that the speed of proceedings may be faster in the Central District of Illinois.

The parties agree that familiarity with the applicable law is a neutral factor. Both Illinois-based federal courts are, of course, equally familiar with the applicable law in this case.

The relation of the community to the occurrence at issue and the desirability of resolving

6

controversies in their locale favor the Central District of Illinois. Plaintiff's injury occurred while working on a job site in the Central District of Illinois. Thus, communities in that district are more interested in the controversy than communities in the Northern District of Illinois.[6]

While the court recognizes that it is a somewhat close question, the court finds that defendants have not carried their burden to show that that the Central District of Illinois is clearly more convenient. See Coffey, 796 F.2d at 219-20; see also Moore, 487 F. Supp. 2d at 1006 (N.D. Ill. 2007) (describing the burden on movant as "to demonstrate that the balance of the factors weighs heavily in favor of transfer") (emphasis added). Many of defendants' arguments are based on the flawed contention that Urbana is more convenient or accessible from Kankakee than Chicago is. If anything, Urbana is likely less convenient than Chicago for the parties, witnesses, and access to evidence. After discounting those arguments, what remains is the local community's interest in the controversy and the speed of proceedings against the presumption in favor of the plaintiff's choice of forum and the convenience of any Chicago-based health providers who are likely to serve as witnesses.

The court finds that, looking at the totality of the factors, defendants have failed to carry their "burden of demonstrating that a transfer is clearly warranted." Esposito v. Airbnb Action, LLC, 538 F. Supp. 3d 844, 847 (N.D. Ill. 2020). Plaintiff's experience with this controversy, while originating in the Central District of Illinois, has predominantly occurred over the course of two years of medical treatment in the Northern District of Illinois. Because defendants have failed to show that plaintiff's choice of the Northern District of Illinois will inconvenience the witnesses or parties or hamper the court's ability to fairly adjudicate this controversy in any

---

[6] While Allied is an employer and service provider in the Central District, it also operates extensively throughout the Northern District. Thus, Allied's role in this controversy does not favor either forum.

7

meaningful way, this court will allow the case to continue in the Northern District of Illinois.

See generally Van Dusen, 376 U.S. at 622 (directing lower courts to conduct an "individualized, case-by-case consideration of convenience and fairness").

## **CONCLUSION**

For the above reasons, defendants' motion to transfer venue (Doc. 38) is denied.  The parties are directed to file a joint status report using this court's form on or before November 3, 2025.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:  July 21, 2025**